IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 618-014-09 |
| | * | |
| DERRICK RIGGS | * | |

**O R D E R**

Defendant Derrick Riggs has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) and a motion to appoint counsel. The Government has moved to dismiss based upon a failure to exhaust administrative remedies and otherwise opposes Defendant's motion. Upon due consideration, the Court denies Defendant's requests for relief.

There is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In particular, the Eleventh Circuit has made clear that a defendant is not entitled to the appointment of counsel to file a motion to reduce sentence under 18 U.S.C. § 3582. See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). In reviewing Defendant's submissions, the Court determines that the interests of justice do not require the appointment of counsel. Accordingly, in the exercise of considered

discretion, Defendant's motion for the appointment of counsel (doc. 632) is **DENIED**.

Turning now to Defendant's motion for compassionate release, Section 3582(c)(1)(A) requires a defendant to exhaust his administrative rights prior to filing the motion in the district court. In this case, the Government complains that Defendant only submitted a request for Reduction in Sentence under the CARES Act but not the compassionate release provision. (See Gov't Mot. to Dismiss, Doc. 638, Ex. A.) Nevertheless, it appears that the facility considered Defendant's request under the compassionate release provision and denied relief. (See id. at 3.) Accordingly, the Government's motion to dismiss (doc. 638) is **DENIED**.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the medical records submitted by the Government show that Defendant is obese,[1] and obesity is a condition that places a person "at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on December 1, 2020). In its response, the Government concedes that Defendant's obesity, in conjunction with the potential adverse effects to him should he contract COVID-19, qualifies as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release. (See Gov't Resp. in Opp'n at 17.) The

---

[1] The CDC defines obesity as a Body Mass Index of at least 30 but less than 40. Severe obesity is greater than 40 BMI. Defendant's BMI has been between 32 and 32.9 in the past year. (Gov't Resp. in Opp'n, Doc. 638, Ex. C, at 28.)

3

Court is not so readily convinced because Defendant's medical records show that he is 44 years old, is relatively healthy, and receives responsive and appropriate medical care. (See id., Ex. C.)  In fact, Defendant contracted COVID-19 in July, was isolated, and appears to have been asymptomatic. (Id. at 1.)  Accordingly, whether Defendant has established that he is uniquely positioned to warrant compassionate release based solely upon his obesity is a very close question.  Nevertheless, the Court will accept that he meets the serious medical condition category based upon the Government's concession.

The Court, however, retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).  Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served.  Defendant has a significant criminal history.  He was originally charged with a conspiracy count as well as the offense of conviction, possession with the intent to distribute.  Through his plea agreement dismissing the conspiracy count, Defendant avoided exposure to a potential mandatory minimum sentence of ten years.  As it is, Defendant has two and a half years of his nearly six-and-a-half-year sentence remaining.  Early release of this Defendant would fail to reflect

4

the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Derrick Riggs's motion for compassionate release (doc. 631) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that Defendant's motion complains about the conditions of his confinement in the context of the BOP's response to the COVID-19 pandemic. To the extent that Defendant challenges the conditions of his confinement, he must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983.